Charles E. Dorkey III (CD-8422)
McKENNA LONG & ALDRIDGE LLP
230 Park Avenue
Suite 1700
New York, NY 10169
(212) 905-8330
(212) 922-1819 (facsimile)

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
NANCI FELDMAN,                                               :
                                                             :  Civil Action No.1:07-CV-06337
                              Plaintiff,                     :  (VM)
                                                             :
   - vs.-                                                    :
                                                             :
BOLIVIAN INVESTORS GROUP, INC.,                              :              **ANSWER**
                                                             :
                              Defendant.                     :
------------------------------------------------------------ x

Defendant, Bolivian Investors Group, Inc., by and through its undersigned counsel hereby files its Answer in Response to the Complaint of the Plaintiff, Nanci Feldman, as follows:

1.    Denies the averments in Paragraph 1, except admits that Plaintiff purports to bring this action for the reasons stated.

2.    Denies the averments in Paragraph 2, except admits that Plaintiff purports to bring the action under the statutes stated.

3.    Denies the averments in Paragraph 3, except admits that Plaintiff purports to bring the action under the statute stated.

4.  Denies knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 4.

5.  Denies the averments in Paragraph 5, except admits that Bolivian Investors Group, Inc. is a corporation not incorporated in New York, which maintains its principal place of business at 2145 Pulaski Highway, Havre de Grace, Maryland 21078.

6.  Denies knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 6.

7.  Denies knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 7.

8.  Denies knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 8.

9.  Denies the averments in Paragraph 9, except admits that Bolivian Investors Group, Inc. and Ourse (USA) Inc. entered into an agreement, dated January 28, 2005, a copy of which is attached as Exhibit B to Plaintiff's Complaint, and respectfully refers to that agreement for the terms thereof.

10. Denies the averments in Paragraph 10 and respectfully refers to the agreement, dated January 28, 2005, a copy of which is attached as Exhibit B to Plaintiff's Complaint, for the terms therein.

11. Denies the averments in Paragraph 11 and respectfully refers to the agreement, dated January 28, 2005, a copy of which is attached as Exhibit B to Plaintiff's Complaint, for the terms thereof.

12. Denies knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 12.

13. Denies the averments in Paragraph 13.

14. Denies the averments in Paragraph 14.

15. Denies knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 15.

16. Denies the averments in Paragraph 16.

17. Denies the averments in Paragraph 17.

18. Denies the averments in Paragraph 18 to the extent they relate to Defendant and otherwise denies knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 18.

19. Denies the averments in Paragraph 19, except admits that Plaintiff and Defendant met on or about November 15, 2005 and Defendant presented items for Plaintiff's future involvement in representing the JP Ourse and John Cole Collection lines of production.

20. Denies the averments in Paragraph 20, except admits that some days after the meeting, on or about November 15, 2005, Plaintiff requested a writing confirming Bolivian Investors Group, Inc.'s proposal.

21. Denies the averments in Paragraph 21 and respectfully refers to the email dated November 29, 2005, a copy of which is attached as Exhibit C to Plaintiff's Complaint, for the terms thereof.

22. Denies the averments in Paragraph 22 and respectfully refers to the email dated November 29, 2005, a copy of which is attached as Exhibit C to Plaintiff's Complaint, for the terms thereof.

23. Denies knowledge or information sufficient to be able to form a belief as to the truth of the averments in Paragraph 23, except denies that Plaintiff was ever an employee of Defendant.

24. Denies the averments in Paragraph 24.

25. Denies the averments in Paragraph 25.

26. Denies the averments in Paragraph 26, except admits that on or about December 19, 2005, Plaintiff wrote a memorandum, a copy of which is attached as Exhibit D to Plaintiff's Complaint, and respectfully refers to that memorandum for the terms thereof.

27. Denies knowledge or information sufficient to be able to form a belief as to the truth of the averments in Paragraph 27.

28. Denies the averments in Paragraph 28.

29. Denies the averments in Paragraph 29.

30. Denies the averments in Paragraph 30.

## FIRST CLAIM FOR RELIEF

31. Restates and incorporates herein by reference its response to each and every averment contained in paragraphs 1 through 30 as if such responses were set forth verbatim herein.

32. Denies the averments in Paragraph 32.

33. Denies the averments in Paragraph 33.

34. Denies the averments in Paragraph 34.

## SECOND CLAIM FOR RELIEF

35. Restates and incorporates herein by reference its response to each and every averment contained in paragraphs 1 through 34 as if such responses were set forth verbatim herein.

36. Denies the averments in Paragraph 36.

37. Denies the averments in Paragraph 37.

38. Denies the averments in Paragraph 38.

## THIRD CLAIM FOR RELIEF

39. Restates and incorporates herein by reference its response to each and every averment contained in paragraphs 1 through 38 as if such responses were set forth verbatim herein.

40.  Denies the averments in Paragraph 40.

41.  Denies the averments in Paragraph 41.

42.  Denies the averments in Paragraph 42.

43.  Denies the averments in Paragraph 43.

44.  Denies the averments in Paragraph 44.

45.  Denies the averments in Paragraph 45.

## FOURTH CLAIM FOR RELIEF

46.  Restates and incorporates herein by reference its response to each and every averment contained in paragraphs 1 through 45 as if such responses were set forth verbatim herein.

47.  Denies the averments in Paragraph 47.

48.  Denies the averments in Paragraph 48 and respectfully refers to the agreement, dated January 28, 2005, a copy of which is attached as Exhibit B to Plaintiff's Complaint, for the terms thereof.

49.  Denies the averments in Paragraph 49.

50.  Denies knowledge or information sufficient to be able to form a belief as to the truth of the averments in Paragraph 50.

51. Denies knowledge or information sufficient to be able to form a belief as to the truth of the averments in Paragraph 51.

52. Denies the averments in Paragraph 52.

53. Denies the averments in Paragraph 53.

## FIFTH CLAIM FOR RELIEF

54. Restates and incorporates herein by reference its response to each and every averment contained in paragraphs 1 through 53 as if such responses were set forth verbatim herein.

55. As Paragraph 55 contains conclusions of law and not averments of fact, no answer is required, but in the event that an answer is required, denies the averments in Paragraph 55.

56. Denies knowledge or information sufficient to be able to form a belief as to the truth of the averments in Paragraph 56.

57. Denies knowledge or information sufficient to be able to form a belief as to the truth of the averments in Paragraph 57.

58. Denies knowledge or information sufficient to be able to form a belief as to the truth of the averments in Paragraph 58.

59. Denies the averments in Paragraph 59.

60. Denies the averments in Paragraph 60.

## SIXTH CLAIM FOR RELIEF

61.     Restates and incorporates herein by reference its response to each and every averment contained in paragraphs 1 through 60 as if such responses were set forth verbatim herein.

62.     Denies the averments in Paragraph 62.

63.     Denies sufficient knowledge or information so as to be able to form a belief as to the truth of the averments in Paragraph 63.

64.     Denies the averments in Paragraph 64.

65.     Denies the averments in Paragraph 65.

66.     Denies the averments in Paragraph 66.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The federal Fair Labor Standards Act does not provide Plaintiff with any cause of action against Defendant.

## THIRD AFFIRMATIVE DEFENSE

The New York Labor Laws does not provide Plaintiff with any cause of action against Defendant.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff never had any employment or contractual relationship with Defendant.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff, on information and belief, is estopped from claiming any employment or contractual relationship with Defendant due to certain representations made by her to third parties.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff, on information and belief, is estopped from claiming any employment or contractual relationship with Defendant due to certain actions taken by her in relation to third parties.

WHEREFORE, having fully answered Plaintiff's Complaint, Bolivian Investors Group, Inc. respectfully demands and prays that:

a) judgment be entered in favor of Bolivian Investors Group, Inc. and against Plaintiff on all counts of Plaintiff's Complaint;

b) that Plaintiff's Complaint be dismissed with prejudice and that all costs of this action be assessed against Plaintiff; and

c) that this Court award such other and further relief as may be justified by the evidence and the law or that may be deemed appropriate by this Court.

Dated: September 7, 2007                    Respectfully submitted,

                                            McKENNA LONG & ALDRIDGE LLP


                                            By_____
                                            Charles E. Dorkey III (CD-8422)
                                            230 Park Avenue
                                            Suite 1700
                                            New York, NY 10169
                                            (212) 905-8330
                                            (212) 922-1819 (facsimile)

                                            *Attorneys for Defendant*


OF COUNSEL:

MARTIN & SEIBERT, L.C.

   Glen Franklin Koontz
   Post Office Box 1286
   Martinsburg, West Virginia 25405
   304-267-8985
   304-267-0731 (facsimile)


NY:12049958.5